IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROSANE MADONDO, INDIVIDUALLY | § | |
| AND ON BEHALF OF HER MINOR | § | |
| CHILDREN JU AND FM | § | |
| | § | |
| Plaintiff, | § | 9:19-CV-99 |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| NMP-STONE CREEK LLC and JORDAN | § | |
| BROADWAY, | § | |
| | § | |
| Defendants. | | |

**DEFENDANT NMP-STONE CREEK LLC'S NOTICE OF REMOVAL**

Defendant NMP-Stone Creek LLC ("Stone Creek") hereby removes this action from the 145th Judicial District Court of Nacogdoches County, Texas, to the United States District Court for the Eastern District of Texas, Lufkin Division, pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

**INTRODUCTION**

1.      On May 30, 2019, Rosane Madondo a/k/a Rosane Upshaw, individually and on behalf of her minor children J.U. and F.M. ("Plaintiff") commenced a civil action against Stone Creek and Jordan Broadway (collectively "Defendants") in the 145th Judicial District Court of Nacogdoches County, Texas, bearing Cause No. C1934784, styled *Rosane Madondo, individually and on behalf of her minor children JU and FM v. NMP-Stone Creek LLC, Jordan Broadway* (the "Petition").[1] Plaintiff has requested trial by jury.

---

[1] **Exhibit A,** Plaintiff's Original Petition.

2.      Plaintiff instituted this lawsuit with respect to her and her children's' alleged exposure to mold after they moved into the Stone Creek Apartments, located at 4541 NE Stallings Dr., Nacogdoches, Texas 75965, in or around February 2019.[2] Plaintiff asserts negligence and gross negligence claims against Stone Creek and Broadway and alleged violations of the Texas Deceptive Trade Practices Act ("DTPA") against Stone Creek only.[3]

3.      Plaintiff's Original Petition also sought an *ex parte* temporary restraining order against Defendants with respect to alleged physical evidence of mold in Plaintiff's apartment.[4] The state court entered an Order Granting *Ex Parte* Application for Temporary Restraining Order on June 3, 2019 and set a hearing on the Temporary Restraining Order for June 17, 2019.[5] Upon removal, the temporary restraining order will expire on its own terms on June 17, 2019.[6]

4.      Broadway was served with citation, the Petition, and the Temporary Restraining Order on June 12.[7] Stone Creek was served with the Temporary Restraining Order via certified mail on June 6, but has not yet been served with citation and the Petition. Defendants have not answered in state court.

---

[2] *Id.* at ¶¶ 6-8.

[3] *Id.* at ¶¶ 23-38.

[4] *Id.* at ¶¶

[5] **Exhibit D,** *Ex Parte* Order.

[6] By operation of law a temporary restraining order expires 14 days after it was entered. *See* Tex. R. Civ. P. 680 (requiring temporary restraining orders to expire no more than 14 days after issuance); *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415* U.S. 423, 446 (1974) (explaining that, under 28 U.S.C. § 1450, injunctions issued by state court remain in effect in actions removed to federal court but removal does "not extend the [state court]'s restraining order beyond the time of its normal expiration under state law").

[7] **Exhibit C,** Process Served on Broadway.

5.      For the reasons discussed below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and Stone Creek—the only properly-joined defendant—is diverse from Plaintiff. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## REMOVAL IS PROPER IN THIS CASE

**A.      The amount in controversy exceeds $75,000.**

6.      It is apparent from the face of the Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff asserts negligence, gross negligence, and DTPA claims against Stone Creek, and seeks to recover for a litany of damages allegedly resulting from their exposure to mold, including costs for medical care, physical pain and suffering, loss of earnings and earning capacity, mental anguish and emotion distress, attorneys' fees.[8]  Plaintiff also seeks to recover exemplary damages in connection with her gross negligence claim and treble damages with respect to her DTPA claim.[9]

7.      Lest there be any doubt as to the amount in controversy, Plaintiff affirmatively alleges that she "seeks monetary relief over $1,000,000[.]"[10]  Plaintiff's contentions regarding the monetary relief she seeks are controlling in this case for purposes of establishing diversity jurisdiction.  *See* 28 U.S.C. 1446(c)(2) ("If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

---

[8] **Exhibit A,** Pl. Pet., at ¶¶ 23-38, 47.

[9] *Id.* at ¶ 47.

[10] *Id.* at ¶ 5.

PD.26359193.1

**B.      There is complete diversity of citizenship because Stone Creek is the only proper defendant.**

8.      At the time this action was commenced and at present, Plaintiff was and remains a citizen of the State of Texas.[11]

9.      At the time this action was commenced and at present, Stone Creek was and is a Louisiana limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Stone Creek's sole member is NMP East Texas Limited Partnership.

10.      "In order to determine the citizenship of a limited partnership, the court must ascertain the citizenship of both its general and limited partners." *Blanchard v. Wal-Mart Stores Tex., LP*, 368 F. Supp. 2d 621, 624 (E.D. Tex. 2005) (citations omitted). NMP East Texas LP's general and limited partners, and the members of their partners, are as follows:

| NMP East Texas Limited Partnership | | |
|---|---|---|
| **Name** | **Domicile/Incorporation** | **Place of Business** |
| JMB Asset Management LLC | Louisiana | Baton Rouge, LA |
| *Sole Member*: Robert Peek, Jr. | Louisiana | N/A |
| | | |
| ACO Holdings LLC | Louisiana | Baton Rouge |
| *Sole Member*: Robert Peek, Jr. | Louisiana | N/A |
| | | |
| Robert Peek, Jr. | Louisiana | N/A |
| | | |
| Matthew G. McKay | Louisiana | N/A |
| | | |
| John B. Noland, Sr. | Louisiana | N/A |
| | | |
| Noland Development, LLC | Louisiana | Baton Rouge, LA |
| *Sole Member*: John B. Noland, Jr. | Louisiana | N/A |

With few exceptions, state citizenship for diversity purposes is synonymous with domicile. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). An individual's domicile is generally

---

[11] *Id.* at ¶ 1.

established by having a physical presence in a state with an intention to remain there indefinitely. *Id.* at 250. A United States citizen domiciled in a state is considered a citizen of that state. *Id.* at 249.

11.     As shown, Plaintiff and Stone Creek are completely diverse.

12.     At the time this action was commenced and at present, Broadway was and remains a citizen of Texas. Were Broadway a proper party to this lawsuit, her presence would preclude the Court's exercise of its diversity jurisdiction. However, because she was improperly joined (as explained below), her citizenship is ignored for purposes of the removal analysis. "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire & Cas. Co., No*. 1:09-CV-142, 2009 U.S. Dist. LEXIS 89106, at *15 (E.D. Tex. Sept. 25, 2009) (citing Smal*lwood v. Ill. Cent. R.R. Co., 38*5 F.3d 568, 572–73 (5th Cir. 2004))

**C.     Broadway was improperly joined because there is no possibility that Plaintiff can establish a cause of action against her.**

13.     A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Id.* Alternatively, if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,] … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

14.     In determining whether a plaintiff has stated a claim against the in-state defendant under a Rule 12(b)(6)-type analysis, the court must look to "the state court complaint *at the time*

*of removal*," for "a plaintiff cannot defeat removal by amending" her complaint. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (emphasis added). Moreover, courts are to apply "the federal pleading standard" in evaluating the plaintiff's state-court complaint. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Thus, "a plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petrol. Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *aff'd*, 337 F. App'x 397 (5th Cir. 2009).

15.     Plaintiff's claims against Broadway fail to meet this standard.

16.     Broadway serves as the onsite  property manager of the Stone Creek Apartments. She is employed by Amesbury Management LLC.[12] As best as can be ascertained from Plaintiff's limited pleadings, Plaintiff asserts negligence and gross negligence claims against Broadway premised solely on Broadway's actions or inactions as an on-site employee. "This is apparent despite Plaintiff's deliberate omission of an allegation that [Broadway] was acting in the course and scope of h[er] employment at the time of the events made the basis of her suit." *Jimenez v. Wal-Mart Stores Tex., L.L.C.*, No. 2:13-CV-003-AM-VRG, 2013 U.S. Dist. LEXIS 201517, at *12–13 (W.D. Tex. July 25, 2013). The minimal facts alleged regarding Broadway's involvement are as follows:

> Shortly after moving in, Madondo discovered the presence of black mold throughout her unit. Madondo subsequently complained to **Broadway** and other staff of the Stone Creek apartments about this dangerous condition. Despite telling Madondo that the issue would

---

[12] Plaintiff has not sued Amesbury Management, LLC but, if she had, Amesbury is also diverse. Amesbury's sole member is a Louisiana LLC with its place of business in Baton Rouge, Louisiana. The sole member of Amesbury's sole member is an individual domiciled in Louisiana.

> be addressed, **Broadway** and Stone Creek completely ignored
> Madondo's complaints and request for assistance.[13]

Plaintiff fails to even differentiate between Broadway's alleged conduct and that of Stone Creek

or other persons. Tellingly, her allegations of negligence against Broadway are similarly devoid

of substance:

> Defendants owe a legal duty of care to act reasonably. Defendants
> breached the legal duty of care to Madondo. The breach of the duty
> of care by Defendants has proximately caused damage to Madondo
> and her minor children, JU and FM. Madondo and her children
> have suffered damages as a result of Defendants' conduct.[14]

Her gross negligence claims are similarly rote.[15]

17.    Under Texas law, "[A] negligence finding against an individual does not

automatically result in individual liability when the individual was acting as the agent or

employee of a corporation." *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). "[A]n

employee may not be held individually liable unless [s]he breaches an independent duty of care

[s]he owed to the injured party that is separate from the duty owed by the employer." *Zaccanelli

v. Bank of Am., N.A.*, CASE NO. 4:14CV30, 2014 U.S. Dist. LEXIS 65596, at *10 (E.D. Tex.

Mar. 27, 2014) (citations omitted), *adopted*, *Zaccanelli v. Bank of Am., N.A., CASE NO.

4:14cv30*, 2014 U.S. Dist. LEXIS 65280 (E.D. Tex. May 12, 2014). As such, "unless

[Broadway] had an independent duty to Plaintiff, there is no reasonable possibility of recovery

against [Broadway], and [Broadway] is improperly joined." *Id.* at **10-11.

18.    Here, Broadway, acting as an on-site manager for her employer, Amesbury, owed

no duty to Plaintiff individually or any duty distinct from the duties allegedly owed by Amesbury

---

[13] **Exhibit A,** Pl. Pet. ¶ 20.

[14] *Id.* at ¶¶ 24-27.

[15] *Id.* at ¶¶ 37-38.

PD.26359193.1

or the property owner, Stone Creek. Plaintiff's own allegations, or lack thereof, make that abundantly clear. Plaintiff makes absolutely no distinction between the actions of Broadway and Stone Creek or other employees. Her conclusory allegations also fail to identify any independent duty that Broadway would owe to Plaintiff outside the context of her employment. Broadway is merely lumped into this matter as a means to avoid diversity jurisdiction.

19.     Plaintiff's claims are not premised on the breach of any duty allegedly owed by Broadway individually or her independently tortious conduct. Under these circumstances, Broadway cannot be held liable to Plaintiff as a matter of Texas law.  *Id.* at **12-13; *Rios v. Cooper Tire & Rubber Co., Ci*vil Action No. 1:13-CV-433, 2013 U.S. Dist. LEXIS 196667, at *21 (E.D. Tex. Nov. 13, 2013) ("[T]he court finds that the facts alleged in Plaintiffs' Original Petition with regard to Lampriez are insufficient upon which to conclude that she owed a duty independent from any duty owed by her employer…."); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) (holding that plaintiffs' petition failed to allege cause of action against employee defendants because it did not contain "any facts that would support a conclusion that [the employee defendants] possessed any duties to the [plaintiffs] separate and apart from those duties owed to the [the plaintiffs] by [the defendant employer]"); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018) ("[Plaintiff] has not identified any other independent duty that the Wal-Mart employees might have owed [the deceased].").

20.     "Where Plaintiff joins an employee, but alleges no duty owed by the employee separate and apart from the duty owed by the employer, Plaintiff has no reasonable possibility of recovery against the employee that has been improperly joined." *Zaccanelli*, 2014 U.S. Dist. LEXIS 65596, at *12. Here,

> "[t]he allegations against [Broadway] were essentially identical to the allegations against [Stone Creek or those that would be made against Broadway's employer]. These conclusory allegations do not suggest that [Broadway] owed an independent duty of any kind to Plaintiff, nor do they meet the standard for pleading under Rule 12(b)(6). All of Plaintiff's allegations relating to [Broadway] concern purported acts within the scope of her employment.

*Id.* at *11.

21.     Because Plaintiff's Petition reveals no reasonable possibility that she can recover against Broadway individually, she has been improperly joined in this lawsuit, and her citizenship is ignored in the removal analysis. *Doucet*, 2009 U.S. Dist. LEXIS 89106, at *15. Thus, complete diversity exists.

## PROCEDURAL REQUIREMENTS ARE SATISFIED

22.     Stone Creek has not been served with Plaintiff's Original Petition. However, this Notice of Removal is timely pursuant to 4 because it is filed within thirty days of May 30, 2019—the date Plaintiff filed her Petition.

23.     The United States District Court for the Eastern District of Texas, Lufkin Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(c)(6) and 1441(a).

24.     While unnecessary because she has been improperly joined, *see Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), Broadway consents to this removal, as evidenced by her notice of consent to be filed upon removal of this lawsuit.

25.     Pursuant to 28 U.S.C. § 1446(d), Stone Creek is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

PD.26359193.1

26.     Pursuant to Local Rule 81 for the Eastern District of Texas, Stone Creek attaches the following indexed documents to this removal:

(i)      All pleadings that assert causes of action, as no answers have been filed in state court (**Exhibit A**);

(ii)     Copy of the state court docket sheet (**Exhibit B**);

(iii)    All executed process in the case (**Exhibit C**);

(iv)     All orders signed by the State Judge (**Exhibit D**);

(v)      A list of all parties in the case, their party type, and current status of the removed case; the identity of parties that have requested a jury trial; and complete list of attorneys involved (**Exhibit E**);

(vi)     The name and address of the court from which the case was removed (**Exhibit F**); and

(vii)    An index of matters being filed (**Exhibit G**).

27.     Stone Creek submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief may be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

## CONCLUSION

Stone Creek prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law. Stone Creek also requests all other relief to which it may be entitled.

Dated:  June 14, 2019

Respectfully submitted,

**OF COUNSEL:**
**PHELPS DUNBAR LLP**
Marcus R. Tucker
Texas Bar No. 20282360
Federal I.D. No. 12769
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas  77002
Telephone:  (713) 626-1386
Telecopier:  (713) 626-1388
marcus.tucker@phelps.com

By: */s/ Michael E. Streich*
    Michael E. Streich
    Attorney-in-Charge
    Texas Bar No. 24079408
    Federal I.D. No. 1339959
    500 Dallas, Suite 1300
    Houston, Texas  77002
    Telephone:  (713) 626-1386
    Telecopier:  (713) 626-1388
    michael.streich@phelps.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS NMP-STONE CREEK
LLC AND JORDAN BROADWAY**

### CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2019, a copy of this document has been served on the following counsel of record by electronic mail:

Joel C. Simon
Austin K. Yancy
Fernelius Simon PLLC
1221 McKinney, Suite 3200
Houston, Texas 77010-3905
joel.simon@trialattorneytx.com
austin.yancy@trialattorneytx.com

                                          */s/ Michael E. Streich*
                                          of Phelps Dunbar LLP