# EXHIBIT A

C1934784

Nacogdoches County - District Clerk

Filed 5/30/2019 3:33 PM
Loretta Cammack
District Clerk
Nacogdoches County, TX

JESSICA OLIVAREZ

CAUSE NO. C1934784

| | | |
|---|---|---|
| ROSANE MADONDO, INDIVIUDALLY AND ON BEHALF OF HER MINOR CHILDREN JU AND FM<br>Plaintiff | § § § § § § § § | IN THE DISTRICT COURT |
| vs. | § § § § | NACOGDOCHES COUNTY, TEXAS |
| NMP-STONE CREEK LLC, JORDAN BROADWAY<br>Defendants. | § § § § | 145th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Rosane Madondo, individually and on behalf of her minor children JU and FM, file this, her Verified Original Petition, *Ex Parte* Application for Temporary Restraining Order, and Temporary and Permanent Injunction against Defendants NMP-Stone Creek LLC and Jordan Broadway (collectively, "Defendants"). Specifically, Plaintiff submits the following:

### PARTIES

1. Plaintiff Rosane Madondo, individually and on behalf of her minor children JU and FM (collectively referred to as "Plaintiff"), is an individual residing in Nacogdoches County, Nacogdoches, Texas.

2. Defendant NMP-Stone Creek, LLC ("Stone Creek") is a Louisiana for-profit limited liability company. Stone Creek's principal place of business is 400 Convention Street, Suite 1050, Baton Rouge, Louisiana 70802. Stone Creek may be served via its registered agent, Sharon R. Schoenemann, 1101 Forest Lake Circle, McKinney, Texas 75070.

Certified Copy

3. Defendant Jordan Broadway ("Broadway") is an individual Texas resident. She may be served at her place of business, the Stone Creek Apartments, 4541 NE Stallings Dr., Nacogdoches, Texas 75965.

## VENUE AND JURISDICTION

4. Jurisdiction and venue are proper in Nacogdoches County, Texas because the events giving rise to this litigation occurred in Nacogdoches County, Texas. Tex. Civ. Prac. & Rem. Code §15.002.

## DISCOVERY PLAN

5. Plaintiff intends discovery to be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## RULE 47 DISCLOSURE

6. Plaintiff affirmatively pleads that she seeks monetary relief over $1,000,000 pursuant to Rule 47(c) of the Texas Rules of Civil Procedure.

## FACTS APPLICABLE TO ALL CLAIMS

6. This case exposes the danger and damage that can result from an apartment complex's failure to ensure the safety and well-being of its residents. Stone Creek is the owner / operator of the Stone Creek Apartments, 4541 NE Stallings Dr., Nacogdoches, Texas 75965. Broadway is the onsite manager of that same apartment complex.

7. Madondo entered into a lease for Unit 315 of the Stone Creek Apartments in February 2019. Madondo's two minor children, JU and FM, reside with her in Unit 315.

8. Shortly after moving in, Madondo discovered the presence of black mold throughout her unit. Madondo subsequently complained to Broadway and other staff of the Stone Creek apartments about this dangerous condition. Despite telling Madondo that the issue

Certified Copy

would be addressed, Broadway and Stone Creek completely ignored Madondo's complaints and request for assistance.

9. The following is a picture of the black mold taken by Madondo:



10. Due to their continued exposure to the hazardous condition posed by black mold, Madondo and her children were forced to seek medical treatment on at least ten (10) occasions. Most recently, on May 15, 2019, Madondo's physician advised her that she needed to leave her apartment immediately based on her exposure to the mold present in Unit 315.

11. In addition to medical expenses as well as pain and suffering, Madondo has been forced to take approximately three weeks off of work due to: (1) the medical problems caused by her exposure to mold; (2) care for her children due to their exposure to the black mold; or (3) attend the above-referenced medical appointments.

12. On May 17, 2019, counsel for Madondo sent Stone Creek notice of Madondo's claim. *See* Exhibit 1. Among other things, Stone Creek was advised of its obligation to preserve evidence. Stone Creek was also specifically asked not to do anything to the mold found in Unit

Certified Copy

315 because Madondo wanted to have an expert inspect and test that substance. *See* Exhibit 1 and Certified Mail Receipt.

13. At some point between May 23, 2019, and May 27, 2019, someone from Stone Creek Management put a letter on Unit 315 indicating that they had entered Madondo's residence. Despite receiving a preservation notice, Stone Creek apparently wanted to erase any evidence of mold (without providing any advance notice to Madondo or her counsel).

14. The following is a photograph of the same area depicted in the previous photograph after the unannounced visit by Stone Creek:



259407.1

4

Certified Copy

## CAUSES OF ACTION

### *Negligence – Stone Creek & Broadway*

23. Madondo incorporates by reference, and for all purposes, all previous paragraphs into this section.

24. Defendants owe a legal duty of care to act reasonably.

25. Defendants breached the legal duty of care owed to Madondo.

26. The breach of the duty of care by Defendants has proximately caused damage to Madondo and her minor children, JU and FM.

27. Madondo and her children have suffered damages as a result of Defendants' conduct.

### *Deceptive Trade Practices Act – Stone Creek*

28. Madondo incorporates by reference, and for all purposes, all previous paragraphs into this section.

29. Madondo attempted to provide Stone Creek with sixty (60) days notice of this dispute, as required by Texas Business and Commerce Code § 17.505. As indicated above, though, Defendants ignored Madondo's preservation request and have attempted to erase evidence of their actionable conduct.

30. At all relevant times, Stone Creek provided goods and/or services and was otherwise engaged in trade and commerce.

31. At all relevant times, Madondo was a consumer as defined by the Texas Deceptive Trade Practices Act.

Certified Copy

32. Stone Creek falsely warranted that it would provide Madondo with a habitable and safe residence. Additionally, Stone Creek, by and through Broadway, falsely assured Madondo that the black mold in her unit would be remedied expeditiously.

33. Stone Creek knowingly made false and misleading statements of fact concerning the need for repair / replacement service.

35. Stone Creek has engaged in unconscionable conduct designed to take advantage of Madondo to her detriment.

36. Madondo relied on the representations and statements from Stone Creek, which caused her extensive injuries and damages.

### *Gross Negligence*

37. Madondo incorporates by reference, and for all purposes, all previous paragraphs into this section.

38. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Nonetheless, Defendants consciously disregarded this risk, which caused Madondo substantial damages and injuries.

### REQUEST FOR DISCLOSURE

39. Madondo requests that Defendants disclose, within 50 days of service of this request, the information or material described in Tex. R. Civ. P. 194.2(a) through (l).

### JURY DEMAND

40. Plaintiff requests a trial by jury. The appropriate fee is being tendered along with this Original Petition.

Certified Copy

## *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

41. Madondo incorporates all prior paragraphs into this section as if fully set forth herein.

42. Madondo requests *ex parte* injunctive relief on the grounds that Defendants ignored a request to preserve evidence. As discussed and depicted above, Defendants have attempted to remove evidence important to Madondo's case. Moreover, they did so without contacting Madondo's counsel or otherwise providing advance notice of their intention to enter Madondo's residence. Madondo fears that Defendants may attempt to do so again to further destroy evidence relevant to this case. Unless an *ex parte* temporary restraining order is granted, Madondo will suffer irreparable harm because Defendants may dispose of evidence relevant to the prosecution of the claims outlined in this pleading.

43. Madondo's request for a temporary restraining order and temporary injunction is made pursuant to Texas Civil Practice & Remedies Code Chapter 65.

44. Madondo is entitled to injunctive relief requiring that Defendants maintain, preserve, and not destroy evidence relevant to this claim – including, but not limited to, entering Madondo's residence to remove or otherwise treat any mold present. Madondo will suffer irreparable injury if injunctive relief is denied because there is no adequate remedy at law; Madondo has a substantial likelihood of success on the merits of her claim; there is no harm to Defendants if injunctive relief is granted; and granting injunctive relief will serve the public interest.

45. Madondo requests that this Court issue a temporary restraining order and temporary and permanent injunctions preventing and enjoining Defendants, and any individual in active concert and participation with Defendants, from:

Certified Copy

    a. Altering, destroying, attempting to destroy, or disposing of any evidence relevant to this case, including, but not limited to, physical evidence of mold in Madondo's apartment unit.

46. Pursuant to Texas Rule of Civil Procedure 684, Madondo is willing to post bond.

## DAMAGES & PRAYER

47. Based on the foregoing, Rosane Madondo, individually and as representative of her minor children, JU and FM, respectfully requests that the Court cite Defendants NMP-Stone Creek, LLC, and Jordan Broadway to appear and answer this lawsuit. Madondo also requests that, upon trial in this matter, the Court enter judgment allowing recovery of all damages allowed by law, including:

    a. Past and future medical expenses;

    b. Compensation for past and future pain, mental anguish, and emotional distress;

    c. Past and future lost earnings;

    d. Exemplary damages;

    e. Treble damages, as provided for by the Texas Deceptive Trade Practices Act;

    f. Pre- and post-judgment interest at the highest rates allowed by law;

    g. Attorney fees, as provided for by the Texas Deceptive Trade Practices Act; and

    h. Costs of Court.

Plaintiff Rosane Madondo respectfully requests all other relief to which she may be entitled.

        Respectfully submitted,

        **FERNELIUS SIMON PLLC**

        By: /s/ Joel C. Simon
        Joel C. Simon
        State Bar No. 24046850
        Email: joel.simon@trialattorneytx.com

Certified Copy

Austin K. Yancy
State Bar No. 24110558
Email: austin.yancy@trialattorneytx.com
1221 McKinney, Suite 3200
Houston, Texas 77010-3095
Telephone: 713-654-1200
Facsimile: 713-654-4039
**ATTORNEYS FOR PLAINTIFF**

The undersigned does hereby certify that the foregoing is a true and correct copy of the original instrument as the same appears in the official records of the District Clerk of Nacogdoches County, Texas.
CERTIFIED this the 14 day of June, 20__
LORETTA CAMMACK, District Clerk
BY: _____ Deputy

259407.1

9

Certified Copy

STATE OF TEXAS §
§
NACOGDOCHES COUNTY §

On this day, Roseane Madondo, individually and as representative of her minor children, JU and TM, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document. According to the affiant's statements under oath, the affiant has read Plaintiff's Original Petition, Application for *Ex Parte* Temporary Restraining Order, Temporary and Permanent Injunctions, and based on affiant's personal knowledge, the factual allegations contained in that pleading are true and correct.

By: *Roseane Madondo*
Roseane Madondo

SUBSCRIBED AND SWORN TO before me on May 30, 2019.



RHONDA KAY BIRDSONG
Notary Public, State of Texas
Comm. Expires 07-09-2022
Notary ID 129880084

*Rhonda Kay Birdsong*
Notary Public in and for the State of Texas

259402.1

**Certified Copy**

C1934784

Nacogdoches County - District Clerk

JESSICA OLIVAREZ

# EXHIBIT 1

Certified Copy



# Fernelius ⁎ Simon

FERNELIUS SIMON MACE ROBERTSON PERDUE PLLC

LyondellBasell Tower
1221 McKinney Street
Suite 3200
Houston, Texas 77010-2011
713.654.1200 Main
713.654.4039 Fax
www.trialattorneytx.com

**Joel C. Simon**
713.654.5152 Direct
joel.simon@trialattorneytx.com

May 17, 2019

*VIA Certified Mail, Return Receipt Requested*
NMP-Stone Creek LLC
400 Convention Street, Suite 1050
Baton Rouge, LA 70802

Sharon R. Schoenemann
1101 Forest Lake Circle
McKinney, TX 75070

    Re:   <u>**Stonecreek Apartments, Unit 315**</u>

To whom it may concern

Our law firm has been retained by Rosane Madondo, individually and behalf of her minor children, in connection with the shocking, hazardous, and completely preventable conditions of her home (Unit No. 315) at the Stone Creek Apartments. My client moved in your apartment complex this past February. Shortly thereafter, black mold was discovered throughout her apartment. The following is an example of the mold identified in my client's apartment:



My client repeatedly attempted to have your management and maintenance team address these deplorable conditions. Until this week, those requests were ignored. When someone was finally

259245.1

Certified Copy

May 17, 2019
Page 2

called out to address the situation, they simply painted over the mold they encountered. In other words, they did not take any steps to remediate my client's apartment or to otherwise make it habitable, which it is not. Indeed, one of your employees went into Unit 315 prior to it being painted, and she was overcome by the mold (similar to what the Madondo family has been living with for months) to the point where she had to take antihistamines.

My client has, on behalf of herself and her children, been forced to seek medical treatment on approximately twelve different occasions. Most recently, on May 15, 2019, my client's physician advised her that she needed to leave her apartment immediately based on her exposure to the mold depicted above. In addition, my client has missed approximately three weeks of work due to the illnesses she and her children have experienced as result of their exposure to the mold in Unit 315.

As an initial matter, please immediately take whatever steps are necessary to release my client from her remaining lease obligation. She and her children (one of whom is only three years old) are still living in conditions that pose a serious risk to their health and safety. Apparently, one of your employees told my client that, if she left the lease, her credit would be negatively affected. This ridiculous threat is laughable, and reflects the callous approach you take towards your tenants.

Next, please allow this letter to serve as formal notice of my client's intent to file a Texas Deceptive Trade Practices Act claim against you. Her damages, both economic and non-economic, will exceed $250,000. That number, $250,000, is what my client is willing to resolve her case for today (in addition to being released from her lease). Subject to and without waiving the preservation request below, please advise whether you are willing to resolve this matter by calling me at your earliest convenience.

## REQUEST FOR PRESERVATION OF INFORMATION

In addition to the above, this letter shall serve as a formal request that your company, or any individuals associated with your company, preserve any and all information which may be relevant to the claims outlined in this letter. DO NOT attempt to remove or discard the mold in Unit 315 as we will need to perform an inspection and take samples of that unit if this matter is not resolved.

You must also take affirmative steps to preserve all evidence in your or their possession, custody, or control. You are to retain and preserve all documents[1] and evidence related to these

---

[1] "Documents" means all types of documents and tangible things that are discoverable under all applicable rules, included in the Texas Rules of Civil Procedure, regardless of their form. The term, "documents" includes but is not limited to any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telecopied, filmed, microfilmed, or otherwise prepared matter, including without limitation drafts, however produced or reproduced, and further including without limitation any papers, books, accounts, drawings, graphs, charts, photographs, phone-records, plans, blueprints, telexes, telegrams, facsimiles, electronic or videotaped or mechanical recordings, magnetic impulses, e-mails, instant messages, text messages, CDs, DVDs, floppy disks, jaz disks, and any other data or data compilation from which information can be obtained or translated into reasonably useable form. The term also includes but is not limited to data or information that exists in electronic or magnetic form.

259245.1

Certified Copy

May 17, 2019
Page 3

matters, including, but not limited to all information concerning: any communications between you and any third party concerning the Incident, my client, or similar events that have occurred (which we have reason to believe have happened).

Please take all steps necessary to preserve all information that may be responsive regarding this matter, whether it exists in paper or electronic form, and that all archived data be maintained and not destroyed regardless if such practice is typically conducted as part of normal business practices. Although not an exclusive list, the following types of electronic data should be preserved:

1. All electronic mail and information about electronic mail (including message contents, header information, and logs of electronic mail systems usage) containing information about the facts and issues involved in the matter;

2. All databases (including all records and field structural information in such databases), containing any reference to and/or information about the facts and issues involved in the matter;

3. All logs of activity on any computer system, which may have been used to process or store electronic data containing information about the facts and issues involved in the matter;

4. All word processing files and file fragments containing information about the facts and issues involved in the matter;

5. With regard to electronic data created by application programs that process financial, accounting and billing information, all electronic data files and file fragments containing information about the facts and issues involved in this matter.

6. All files and file fragments containing information from electronic calendars and scheduling programs regarding the facts and issues involved in the matter;

7. All electronic data files and file fragments created or used by electronic spreadsheet programs where such data files contain or contained information about the facts and issues involved in the matter;

8. All other electronic data containing information about the facts and issues involved in the matter.[2]

Such data may be located on any of the following: on-line data storage attached to mainframes, personal computers and laptops, whether currently in use or in storage; off-line data storage located on backup and archive devices, floppy diskettes, zip drives, zip files, tapes, CDs, DVDs, laptops, hand held devices, disconnected hard drives, any removable electronic media; flash drives, USB Drives, fixed drives on stand-alone computers and network stations; personal cell phones, blackberry devices, or any other electronic storage device. Evidence in any form should

---

[2] This list is not all-inclusive, and you have a duty to preserve any relevant evidence in any form.

259245 1

Certified Copy

May 17, 2019
Page 4

be preserved and retained, as it exists at the time of this letter. Your duty to preserve evidence is a continuing obligation.

I look forward to receiving your prompt response. Please contact me if you wish to discuss any of the above in further detail.

Regards,

Joel C. Simon

cc: Stone Creek Apartments by fax (936-569-8110)

259245.1

**Certified Copy**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NMP- Stone Creek LLC
400 Convention Street, Suite 1050
Baton Rouge, LA 70802

9590 9402 4911 9032 4000 72

2. Article Number (Transfer from service label)
7013 1710 0001 4302 6394

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 5/21/19

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**Certified Copy**